ACCELERATED JOURNAL ENTRY AND OPINION
Plaintiff Ronnie Turner appeals from the attorney fee award rendered in connection with his action for unpaid overtime. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.
On March 6, 1998, plaintiff filed this action against Progressive Casualty Insurance Co. ("Progressive"), alleging that he was employed by Progressive from June 1997 until November 1997 as a customer service representative. Plaintiff asserted that within that time period, he worked a total of eighty-seven hours overtime and that defendant failed to maintain records of overtime work and failed to pay him overtime compensation in violation of R.C. Section 4113.08 and 29 U.S.C. § 207 et seq., the Fair Labor Standards Act ("FLSA"). Plaintiff also asserted that his employment was terminated in retaliation for his request for overtime compensation. Progressive denied liability. The record reveals that discovery was undertaken in the matter and that the parties entered into various stipulations in which they designated various matters confidential. Plaintiff's counsel also deposed plaintiff's former supervisor at Progressive.
In March 1999, the parties entered into a settlement agreement. Plaintiff's counsel subsequently filed an application for attorney fees and costs pursuant to 29 U.S.C. § 216(b) in which he sought $17,940 in attorney fees and $864.60 in other expenses. Within this motion, it was established that plaintiff was owed approximately $1,500 in overtime compensation, and his counsel obtained $5,000 in the settlement agreement. It was also established that plaintiff and his counsel entered into two separate compensation agreements. The first agreement, dated November 10, 1997, provided that counsel would represent plaintiff on all claims at $200 per hour. Thereafter, in February 1998, the parties entered into an agreement which superceded their previous agreement and which provided for a contingency payment.
Progressive opposed the award of attorney fees under the state law claims and disputed the requested fees under the FLSA claims. The trial court held an evidentiary hearing on the matter on March 22, 1999.
Plaintiff presented the testimony of attorney Ellen Simon, whose practice focuses primarily upon employment actions and plaintiffs' civil rights claims. Ms. Simon testified that the prevailing rate which attorneys charge to pursue such claims is between $200 to $300 per hour.
Plaintiff's counsel also testified and stated that he has been in private practice since 1978 and has represented numerous plaintiffs in employment actions. He stated that he charged plaintiff $200 per hour to investigate the matter. He undertook an extensive investigation and also attempted to settle plaintiff's claims before filing suit. Thereafter, he and plaintiff entered into a superceding fee agreement. Plaintiff's counsel maintained that his fee was reasonable and urged the trial court to consider the lodestar, or accrued hourly rate, as strong evidence of a reasonable attorney fee award.
No evidence was presented concerning the costs.
On May 26, 19999, the trial court awarded plaintiff $3,000 in attorney fees. Plaintiff now appeals and assigns four errors for our review.
Within his first assignment of error, plaintiff asserts that the trial court's award of attorney fees is erroneously low. In opposition, Progressive insists that plaintiff is not a prevailing party and therefore not entitled to attorney fees since this matter was settled.
In Farrar v. Hobby (1992), 506 U.S. 103, 111-112,113 S.Ct. 566, 573, 121 L.Ed.2d 494 the Supreme Court stated that in order to be a prevailing party, the plaintiff "must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement." We therefore reject Progressive's claim that by attaining a settlement, plaintiff is not a prevailing party.
As to the amount of attorney fees, in general, the FLSA requires that employers pay overtime compensation to employees for hours worked in excess of forty hours per work week.29 U.S.C. Sec. 207(a).
The award of attorney fees to a prevailing plaintiff under Sec. 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. United Slate, Tile Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307v. G M Roofing and Sheet Metal Co. (C.A.6, 1984), 732 F.2d 495,501. We must therefore determine whether the lower court abused that discretion by awarding an unreasonable fee. Id.
The FLSA does not discuss what constitutes a reasonable fee. Accordingly,
 "[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees."
Id.
The United States Court observed that the purpose of the FLSA attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," id. at 502, and that courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here "encourage[s] the vindication of congressionally identified policies and rights." Id. at 503.
In Hensley v. Eckerhart (1983), 461 U.S. 424, 103 S.Ct. 1933,76 L.Ed.2d 40, the Supreme Court noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433,103 S.Ct. at 1939. This calculation, the "lodestar" fee, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id.[1] Though the lodestar is a presumptively reasonable fee, Pennsylvania v. Delaware Valley Citizens' Council
(1986), 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, the calculation of the lodestar "does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." Hensley, 461 U.S. at 434, 103 S.Ct. at 1940.
These "other considerations" include:
(1) The time and labor required.
(2) The novelty and difficulty of the questions.
 (3) The skill requisite to perform the legal service properly.
 (4) The preclusion of other employment by the attorney due to acceptance of the case.
(5) The customary fee.
(6) Whether the fee is fixed or contingent.
 (7) Time limitations imposed by the client or the circumstances.
(8) The amount involved and the results obtained.
 (9) The experience, reputation, and ability of the attorneys.
(10) The "undesirability" of the case.
 (11) The nature and length of the professional relationship with the client.
(12) Awards in similar cases.
Id., citing Johnson v. Georgia Highway Express, Inc. (C.A.5 1974),488 F.2d 714, 717-718.
In addition, where the plaintiff is deemed prevailing even though he prevailed on only some of his claims for relief, the court should not award fees for services on unrelated claims which were unsuccessful, and should determine whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. Hensley,supra. In addition, the hours must have been reasonably expended, and the amount itself must not be excessive. Id.
Finally, the Hensley Court stated that it is important for the trial court to "provide a concise but clear reason for its fee award." Id., 461 U.S. at 437, 103 S.Ct. at 1941.
In this instance, the trial court stated:
 The Court in exercising its discretion in awarding attorney fees is guided by the prevailing hourly fee * * *, the hours reasonably expended, the benefit bestowed upon the Plaintiff and common sense.
 The Plaintiff's claim, herein, is based upon unpaid overtime wages he earned as employee of the Defendant. Plaintiff's counsel claims to have expended 90 billable hours in connection with the prosecution of this case, of which some thirty (30) hours consists of preparation of the attorney fee argument.
 Taking into account all of the above factors, the Court finds that Plaintiff is entitled to an award of attorney fees in the amount of $3,000.00.
The foregoing does not indicate which factors the trial court considered in deriving its adjustment to the lodestar amount of attorney fees and trial court failed to state the basis for its fee determination. Absent such a statement, it is not possible for us to conduct a meaningful review and to determine what factors the court considered or the weight, if any, it placed on those factors.
We are therefore compelled to reverse the attorney fee award and remand the matter to the trial court. Upon remand, the trial court is not required to hold a hearing or consider additional evidence. Rather, the court must provide a concise but clear explanation of its reasons for the fee award. In addition, the court should not feel compelled to reconsider its fee determination. We merely instruct the trial court to issue an order listing the factors it took into consideration and stating the basis for the fee determination.
This assignment of error is well-taken.
Within his second assignment of error, plaintiff maintains that the trial court erred in failing to award him his costs in this matter.
The FLSA provides for the recovery of costs, in addition to attorney fees. 29 U.S.C. § 216(b) states:
 The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney's fee to be paid by the defendant, and costs of the action.
In this instance, we find no abuse of discretion as the claimed costs were not pursued in the hearing below. We therefore overrule this assignment of error.
For his third assignment of error, plaintiff asks this court to determine whether he is entitled to attorney fees in connection with the prosecution of his appeal.
If an FLSA case is appealed, the appellate court has discretion to award attorney's fees expended on an appeal. SeeCooper v. Asplundh Tree Expert Co. (C.A.10, 1988), 836 F.2d 1544,1557 (10th Cir. 1988) (a case involving a claim under the Age Discrimination in Employment Act, which incorporates the remedial provisions of the FLSA, including section 216); Montalvo v. TowerLife Building (C.A.5, 1970), 426 F.2d 1135, 1150 (an FLSA case).
In this instance, however, we decline to award attorney fees on appeal because we have not directly evaluated the correctness of the trial court's award of attorney fees herein. In any event, no appellate attorney fee information has been presented for our review.
For his final assignment of error, plaintiff seeks prejudgment interest from the date of the original fee judgment.
The Supreme Court has held that under the Fair Labor Standards Act a plaintiff cannot recover both liquidated damages and prejudgment interest. Brooklyn Savings Bank v. O'Neil (1945),324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296. The Court stated:
 Allowance of interest on minimum wages and liquidated damages recoverable under Sec. 16(b) tends to produce the undesirable result of allowing interest on interest. * * * Congress by enumerating the sums recoverable in an action under Sec. 16(b) meant to preclude recovery of interest on minimum wages and liquidated damages. [Citations omitted.]
Under the FLSA, liquidated damages are an amount equal to the unpaid overtime compensation. See 29 U.S.C. § 216(b).
In this instance, plaintiff acknowledges that the unpaid overtime compensation to which he was entitled was no more than $1,500. Plaintiff received a settlement of $5,000, plus $3,000 in attorney fees. Accordingly, plaintiff clearly received a sum in the nature of liquidated damages and we therefore conclude that prejudgment interest is not recoverable in this matter.
This assignment of error is without merit.
The trial court's award of attorney fees is reversed and remanded for further proceedings consistent with this opinion, and the remainder of this matter is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND BLACKMON, J., CONCUR.
 _________________________ ANN DYKE PRESIDING JUDGE
[1] Hensley concerned the award of reasonable attorney's fees under 42 U.S.C. § 1988, but the Court nonetheless noted that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party,'" Id. at 433 n. 7, 103 S.Ct. at 1939 n. 7, including the FLSA.